NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREAT WESTERN AIR, LLC, DBA Cirrus
Aviation Services, LLC,

        Plaintiff-counter-
        defendant-Appellee,

  v.

CIRRUS DESIGN CORPORATION,

        Defendant-counter-claimant-
        Appellant.

No.   23-15157

D.C. No. 2:16-cv-02656-DJA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Daniel J. Albregts, Magistrate Judge, Presiding

Argued and Submitted November 5, 2024
Phoenix, Arizona

Before:  HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Cirrus Design Corporation, d/b/a Cirrus Aircraft ("Appellant"), appeals from

the district court's order denying relief on Appellant's claims of trademark

infringement and unfair competition under the Lanham Act, the Nevada Deceptive

Trade Practices Act, and common law.  Appellant also appeals from the district

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's decision granting Great Western Air's ("Appellee") motion to strike Appellant's demand for a jury trial. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not err in granting Appellee's motion to strike Appellant's jury demand. *See* Fed. R. Civ. P. 39(a)(2) (providing that a jury must try all issues for which a jury demand has been made unless "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial"). In *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, this court held that the Seventh Amendment's jury-trial right for "suits at common law" does not apply to trademark claims seeking disgorgement of profits because those claims are equitable, not legal, in nature. 778 F.3d 1059, 1074-76 (9th Cir. 2015). Notwithstanding *Sid & Marty Krofft TV Products v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), which dealt with the jury-trial right in the copyright context, *Fifty-Six Hope Road* squarely governs this trademark case.

2. The district court did not err in concluding that Appellant's claims failed because Appellant did not establish a likelihood of consumer confusion. Appellant principally contends that the district court improperly excluded certain types of confusion from its analysis. *See* 15 U.S.C. § 1125(a)(1)(A) (providing that the Lanham Act protects against "the use[] in commerce" of any mark "likely to cause

2

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association . . . or as to the origin, sponsorship, or approval of [a person's] goods, services, or commercial activities by another person"). The district court considered confusion as to (1) source or origin; (2) sponsorship; (3) association; and (4) affiliation. This is not a case where the district court "assumed that likelihood of confusion exists only when consumers are confused as to the source of a product." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1057 (9th Cir. 1999). Rather, the district court's analysis accords with this court's understanding that the likelihood-of-confusion inquiry is a flexible one. *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145, 1147, 1149 (9th Cir. 2011).

Nor does the district court's well-reasoned analysis of the likelihood-of-confusion factors or its weighing of those factors evince clear error. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979) (laying out the trademark infringement factors); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014) (providing that this court reviews for clear error a district court's likelihood of confusion determination). As the district court correctly determined that Appellant failed to carry its burden of proving its claims, the district court did not err in denying Appellant injunctive relief.

**AFFIRMED**.